UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL PATEY, and SKYLINE II,
INC.,

        Plaintiffs,

v.                          Case No. 8:11-cv-212-T-33TBM

A CLEAR TITLE AND ESCROW
EXCHANGE, LLC,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiffs' Motion for Default Judgment Pursuant to Rule 55(b) (Doc. # 17), which was filed on July 12, 2012. For the reasons that follow, the Court grants the Motion.

**I. Default**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failing is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D.

Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

**II. Analysis**

On February 1, 2012, Plaintiffs Michael Patey, as assignee of Deacon Smith Development, Inc., and Skyline II, Inc. filed a three-count Complaint against Defendant A Clear Title and Escrow Exchange, LLC alleging breach of contract (counts one and two) and negligence (count three). (Doc. # 1).

Among other allegations, Plaintiffs allege that Defendant issued an escrow letter promising to pay Skyline II, Inc. $750,000.00 on September 3, 2010, and issued an escrow letter promising to pay Deacon Smith Development, Inc. $500,000.00 on September 3, 2010. Id. at ¶ 14. Plaintiff Patey is an assignee of Deacon Smith Development, Inc. Id. at ¶¶ 2, 23.

2

Defendant failed to make the promised payments. Id. at 17. The failure of payment damaged Plaintiffs. Id. at ¶¶ 21, 23.

Plaintiffs effected service of process on Defendant on March 14, 2012. (Doc. # 5). Defendant failed to file a responsive pleading. On June 14, 2012, Plaintiffs filed a motion for Clerk's default. (Doc. # 15). The Clerk entered a default as to Defendant pursuant to Rule 55(a), Fed.R.Civ.P., on June 25, 2012. (Doc. # 16).

Based upon the Clerk's entry of default, the well-pleaded factual allegations contained in the Complaint, the declaration of John J.E. Markham, II, Esq. regarding amounts due, and the Motion, the Court determines that the Motion is due to be granted and further determines that a hearing on this matter is not needed. Plaintiff Patey is entitled to a default judgment against Defendant for $500,000.00 plus interest at the rate of 4.75 percent from September 3, 2010. Plaintiff Skyline II, Inc. is entitled to a default judgment against Defendant for $750,000.00 plus interest at the rate of 4.75 percent from September 3, 2010. This amount is capable of accurate and ready mathematical computation or ascertainment from the face of the relevant documents and the declaration filed by Plaintiffs.

Accordingly, the Court directs the clerk to enter a final

default judgment against the Defendant and in favor of Plaintiffs as specified above.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs' Motion for Default Judgment Pursuant to Rule 55(b) (Doc. # 17) is **GRANTED.**

(2) The Clerk is directed to enter judgment against Defendant and in favor of Plaintiff Michael Patey for $500,000.00 plus interest at the rate of 4.75 percent from September 3, 2010, and in favor of Plaintiff Skyline II, Inc. for $750,000.00 plus interest at the rate of 4.75 percent from September 3, 2010, for which sums let execution issue.

(3) The Clerk shall thereafter **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of July, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record

4