UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL PATEY, et al.,

    Plaintiffs,

v.                                  Case No. 8:12-CV-00212-VMC-TBM

A CLEAR TITLE AND ESCROW
EXCHANGE, LLC,

    Defendant.

---

## MOTION BY MICHAEL PATEY AND SKYLINE II, INC. TO JOIN MAX SPECIALTY INSURANCE COMPANY, INC. AS A LIABILITY INSURANCE PARTY DEFENDANT PURSUANT TO FLORIDA STATUTES SECTION 627.4136(4)

Pursuant to Federal Rule of Civil Procedure 21, Plaintiffs Michael Patey ("Patey") and Skyline II, Inc., ("Skyline") respectfully move this Court to join Max Specialty Insurance Company, Inc. ("Max Specialty"), as a liability insurance party defendant to the final judgment entered in this action on July 16, 2012 (Docket No. 19) against Max Specialty's insured, Defendant, A Clear Title and Escrow Exchange, LLC ("Clear Title"). Grounds for this motion appear in the following memorandum of law.

### FACTUAL BACKGROUND

This case concerns an escrow agent's failure to deliver $1.25 million as promised. The escrow agent, Clear Title, is a business that operated in various states, including Florida and California, from which it held itself out to its customers and to the general public as a reputable and reliable escrow, title assurance and guarantee company. In August 2010, Clear Title issued escrow letters to Skyline and to Patey's predecessor. Clear Title failed to pay the sums due under these two escrow letters despite repeated demand that it do so. To date, it has failed to pay

the sums due. As a result, Patey and Skyline filed an action against Clear Title in the United States District Court for the District of Utah, Case No. 2:10-cv-01043-CW, on October 21, 2010, and served Clear Title. On January 14, 2011, Ms. Lemons of Max Specialty contacted John Markham, counsel for Patey and Skyline, by email and requested that all inquiries regarding the matter be directed to defense counsel Matthew Barneck, of the firm of Richards, Brand, Miller & Nelson in Salt Lake City, Utah. *See accompanying* Declaration of Bridget A. Zerner ¶ 2 and Exhibit 5. Defendant Clear Title, through its counsel, Matthew Barneck, appeared and successfully moved for dismissal of the case on the grounds that venue was improper and the case should be brought in Florida. By Order dated November 4, 2011, the motion to dismiss was granted without prejudice based on lack of personal jurisdiction. Zerner Declaration ¶ 2.

On February 1, 2012, Patey and Skyline filed this action in Florida and served Clear Title. Clear Title failed to appear and answer. Counsel contacted Matthew Barneck, the attorney who had represented Clear Title in Utah, and advised him of the pendency of the action and the need to file a case management conference statement. Zerner Declaration ¶ 3 and Exhibit 1, page 4. No appearance was made on behalf of Clear Title. Patey and Skyline thereafter moved for a default judgment, and their motion was granted. On July 16, 2012, judgment was entered by the above-entitled court in favor of Patey, as assignee of Deacon Smith, for $500,000. Judgment was entered in favor of Skyline in the amount of $750,000.00. *See* Docket No. 19.

Meanwhile, unbeknownst to Patey, Skyline or their counsel, on April 5, 2012, Max Specialty brought a separate declaratory relief action in the Middle District of Florida, *Max Specialty Insurance Company v. A Clear Title and Escrow Exchange LLC,* Case No. 8:12-cv-00727-RAL-MAP (hereinafter *Max Specialty v. Clear Title),* naming several parties who had claims against Clear Title similar to those of Patey and Skyline. In that declaratory relief action,

2

in which Max Specialty seeks to void the policy issued to Clear Title, Max Specialty did not name Patey or Skyline as defendants. Therefore, counsel for Patey and Skyline did not learn of the Max Specialty declaratory relief action until September 2012. In that month, counsel for Patey and Skyline sent a subpoena to Mr. Barneck, Utah counsel for Clear Title, seeking assets from which to satisfy the judgment. In response, Mr. Barneck advised counsel for Patey and Skyline that the only document he had that might be responsive to the subpoena was a "copy of the policy" and that he had to contact the insurer. *See,* Zerner Declaration ¶ 4 Exhibit 2, p. 1. Ms. Zerner was contacted by email on October 4, 2012, by Brett Bloch, an attorney for Max Specialty, regarding the subpoena. Zerner Declaration ¶ 5 and Exhibit 3. Max Specialty did not otherwise respond to the subpoena and to this date has not responded.

Also on October 4, 2012, Mr. Bloch filed an amended motion in the *Max Specialty v. Clear Title* declaratory relief action seeking entry of default judgment against Clear Title, but did not so advise Ms. Zerner. An order directing entry of judgment in favor of Max Specialty was entered on October 5, 2012 (*Max Specialty v. Clear Title,* Docket No. 20). Upon learning of the default judgment, claimants against Clear Title successfully moved to have Max Specialty's judgment set aside. The Order setting aside the judgment was entered on December 4, 2012. (*Max Specialty v. Clear Title,* Docket No. 52). While that motion was pending, Patey and Skyline attempted to intervene in that declaratory relief action as parties potentially covered by the policy and in the same standing as the named defendants, but Max Specialty opposed the intervention. Judge Lazzara denied intervention and directed Patey and Skyline to seek to join Clear Title in this case pursuant to Section 627.4136 of the Florida Statutes. (*Max Specialty v. Clear Title,* Docket No. 57). Patey and Skyline therefore bring the instant motion, as Judge

3

Lazzara suggested, to modify the judgment and join Clear Title's insurer, Max Specialty, as a defendant in this action.

## ARGUMENT

### 1. Max Specialty Insurance Company May and Should Be Joined as a Defendant and Judgment Debtor Pursuant to Rule 21, Fed. R. Civ. P.

The decision to join additional parties is left to the discretion of the district court. *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992). On motion or on its own, the court may *at any time*, on just terms, add or drop a party. Rule 21, Fed. R. Civ. P.; *Shaw v. AAA Eng'g & Drafting Inc.,* 138 F. App'x 62, 65-66 (10th Cir. 2005) (plaintiff's motion to join persons and to amend judgments to impose personal liability for the judgments on a number of additional individuals associated with defendant could be brought post-judgment pursuant to Rule 21); *Du Shane v. Conlisk*, 583 F.2d 965, 967 (7th Cir. 1978) (Under Rule 21, a party can be added *sua sponte* by the court after judgment). *See also Mullaney v. Anderson,* 342 U.S. 415, 72 S.Ct. 428, 96 L.Ed. 458 (1952) (Supreme Court added parties under Rule 21 on appeal, where earlier joinder would not have affected litigation).

Federal courts have repeatedly allowed the addition of parties after judgment in the absence of prejudice. *See e.g., Ohio Cellular Products Corp. v. Adams USA, Inc.,* 175 F.3d 1343, 1348 (Fed.Cir.1999) (affirming district court's grant of motion to add party after entry of judgment because individual would not suffer undue prejudice if added as a party.); *In re Neurontin Mktg. & Sales Practices Litig.,* 810 F. Supp. 2d 366, 370-74 (D. Mass. 2011) (allowing joinder of parties post-judgment, and finding that joinder would cause no prejudice.)

In the instant case, no action could be brought against Max Specialty in the first place until such time as a final judgment was entered against its insured, Clear Title. *See*, § 627.4136, Fla. Stat. By this motion, plaintiffs Patey and Skyline seek simply to enforce that statute and to

4

proceed against the insurer of the party that harmed them by absconding with more than $1.2 million. Max Specialty will not be prejudiced because it has been on notice of the Patey and Skyline claims against Max Specialty's insured since January 2011. Moreover, Max Specialty had the opportunity to include Patey and Skyline in the declaratory relief action it brought in April 2012. Counsel for Max Specialty was advised of Patey's and Skyline's intent to file this motion, and no objection or other reply has been received. *See* Zerner Declaration ¶ 8.

In the case before Judge Lazzara, Max Specialty has denied an obligation to provide coverage for Clear Title's wrongful acts. Max Specialty, however, specifically excluded Patey and Skyline from the suit it brought seeking to void the policy at issue. Florida courts have held that the doctrine of res judicata does not allow a declaratory judgment obtained by an insurer against its insured to be binding on a third-party claimant who was not a party to the declaratory judgment action. *Independent Fire Insurance Co. v. Paulekas,* 633 So.2d 1111 (Fla. 3d DCA 1994); *Allstate Insurance Co. v. Conde,* 595 So.2d 1005 (Fla. 5th DCA 1992). Thus, any decision in the *Max Specialty v. Clear Title* declaratory relief action is not binding upon Patey and Skyline, and they should be entitled to enforce their judgment against the insurer that defended this action in Utah.

2. **Florida Statutes, Section 627.4136 Provides for Joinder of Max Specialty Insurance Company, Clear Title's insurer, as a Party Defendant**

Patey and Skyline seek to join Clear Title's insurer, Max Specialty, pursuant to Section 627.4136, Florida Statutes. This statute provides an efficient method for joining an insurer in an already pending lawsuit, rather than requiring the initiation of a new lawsuit after a judgment against the insured is obtained. *See, Hazen v. Allstate Ins. Co.,* 952 So. 2d 531, 536-37 (Fl. Dis. Cr. App. 2007). This statute is substantive, not procedural, and thus this Court, sitting in diversity, must apply this Florida statute. *See, Allstate Ins. Co. v. Stanley,* 282 F. Supp. 2d 1342,

1343 (M.D. Fla. 2003). In accordance with the Florida statute, Patey and Skyline first obtained a default judgment against the insured, Clear Title (Docket No. 19), and now seek to add its insurer, Max Specialty, as a joint defendant against whom the default judgment may be enforced.

    (a)    **Max Specialty's Policy of Insurance Provides Coverage for the Claims of Patey and Skyline**

Max Specialty issued a Title Agents, Abstractors and Escrow Agents Professional Liability Insurance Policy to A Clear Title Escrow & Exchange, Policy Number MAX2PL0002049, effective August 20, 2010 to August 20, 2011. *See Max Specialty v. Clear Title,* Amended Petition, para. 13 (Docket No. 11). It provided, in pertinent part:

> Section 1 – Coverages
>
> 1. Insuring Agreement
>
> A. We shall pay on behalf of the "insured" those sums in excess of the deductible that the "Insured" becomes legally obligated to pay as "Damages" and "Claims Expenses" as a result of a "Claim" first made against the "Insured" and reported to us in writing during the "Policy Period" . . . by reason of a "Wrongful Act" in the performance of or failure to perform "Professional Services" by the "Insured" or by any other person or entity for whom the "Insured" is legally liable. The "Wrongful Acts" must have been committed on or subsequent to the "Retroactive Date" specified in the declarations and before the end of the "Policy Period".

Max Specialty has not denied that the claims similar to those of Patey and Skyline are covered under the Clear Title policy. Under Florida statutes, Max Specialty should be joined in this action as a party defendant.

    (b)    **Max Specialty Received Timely Notice of This Claim**

The policy issued by Max Specialty to Clear Title contained certain notice requirements, which have been more than satisfied in this case. The policy provides:

> Notice of an Actual "Claim"

6

> As a condition precedent to our obligations under this Policy, you shall give written notice to us as soon as practicable, but in no event later than 60 days after the end of the "Policy Period" of any "Claim" made against you. You shall immediately forward to us every demand, notice, summons or other process or pleading received by you or your representative.

The claims made by Patey and Skyline arose on and after September 3, 2010, within the policy period. Suit was brought by Patey and Skyline against Clear Title in Utah on October 21, 2010, also within the policy period. Clear Title thereafter advised counsel for Patey and Skyline in January 2011 that it was in contact with Max Specialty and specifically identified the claims manager as Nokomis Lemons. *See* Zerner Declaration Exhibit 5.

Mr. Barneck thereafter appeared on behalf of Clear Title and moved to dismiss the Utah action for lack of personal jurisdiction in January, 2011, also within the Max Specialty policy period. Following dismissal of the Utah action in November, 2011, the same claim was brought in this Court, and Mr. Barneck was given notice of this action in accordance with the email instructions of Max Specialty. Specifically, in June, 2012, Ms. Zerner, counsel for Patey and Skyline, forwarded to Mr. Barneck the complaint in this action. On June 7, she specifically advised that a case management conference was imminent. *See* Zerner Declaration ¶ 3. Max Specialty declined to assume the defense of Clear Title or take any action on behalf of its insured in this action, thus opening the way for the default judgment that has been entered herein.

In sum, Max Specialty has known about this claim since at least January 2011 – i.e., for almost two years – and has previously provided a defense to Clear Title. Finally, Max Specialty has filed a declaratory relief action against Clear Title and did not name Patey and Skyline as party defendants, despite the fact that their claims against Clear Title are essentially identical to those of other claimants it named. Max Specialty is Clear Title's liability insurer and, therefore, is properly joined as a party defendant against whom the default judgment may be enforced.

## CONCLUSION

Based on the foregoing, plaintiffs move to join Max Specialty as a defendant and judgment debtor for the purpose of enforcing their judgment against its insured, Clear Title.

## GOOD FAITH CERTIFICATION

Counsel for Patey and Skyline have attempted in good faith resolve the issues raised in this motion by asking Max Specialty's counsel to consent to the addition of Max Specialty as a defendant in this case. Max Specialty's counsel has not responded to that request. The parties, therefore, have not been able to agree.

DATED this 11th day of January, 2013.

Respectfully submitted,

_____s/ James B. Lake_____
James B. Lake
Florida Bar No. 23477
601 South Boulevard
Tampa, Florida 33606
Telephone: (813) 984-3060

*Local Counsel* for Plaintiffs
Michael Patey and Skyline II, Inc.

and

/s/ John J.E. Markham, II_____
John J.E. Markham, II
(*pro hac vice*)
Bridget A. Zerner
(*pro hac vice*)
MARKHAM & READ
One Commercial Wharf West
Boston, MA 02110
Telephone: (617) 523-6329
Facsimile: (617) 472-8604

*Trial Counsel* for Plaintiffs
Michael Patey and Skyline II, Inc.

## CERTIFICATE OF SERVICE

I certify that on January 11, 2013, I electronically filed the foregoing with the Clerk of the Court by sing the CM/ECF system which will send notice of electronic filing to all CM/ECF participants. I further certify that a true and correct copy of the foregoing document was served on Defendant Max Specialty Insurance Company by certified mail, postage prepaid, to the following address:

Max Specialty Insurance Company
c/o Alterra Specialty
2711 Burford Road, Box 346
Richmond, VA  23235-3423

and was sent by first class mail, postage prepaid, to:

Counsel for Max Specialty Insurance Company:

Brett Russell Bloch, Esq.
Gary R. Shendell, Esq.
Shendell & Pollock, PL
2700 N. Military Trail, Suite 150
Boca Raton, FL  33431

and defendant A Clear Title and Escrow Exchange, LLC, through its authorized agent:

Stephen Cormier
A Clear Title and Escrow Exchange, LLC
818 Shakett Creek Drive
Nokimis, FL  34275

                                          s / James B. Lake