```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

MICHAEL PATEY, and SKYLINE II, INC.,

        Plaintiffs,

v.                         Case No. 8:12-cv-212-T-33TBM

A CLEAR TITLE AND ESCROW EXCHANGE, LLC,

        Defendant.
_____/

## ORDER

This cause is before the Court pursuant to Plaintiffs' Motion to Join Max Specialty Insurance Company, Inc. as a Liability Insurance Party Defendant Pursuant to Florida Statutes Section 627.4136(4) (Doc. # 20), which was filed on January 11, 2013. The Motion is supported by the Declaration of Bridget A. Zerner. (Doc. # 21). It appears that Max Speciality was served with the Motion, but failed to file a response in opposition to the Motion. The Court accordingly considers the Motion as an unopposed motion. Nevertheless, the Court denies the Motion as untimely filed.

**I.   Background**

On February 1, 2012, Plaintiffs Michael Patey, as assignee of Deacon Smith Development, Inc., and Skyline II, Inc. filed a three-count Complaint against A Clear Title and Escrow Exchange, LLC, alleging breach of contract (counts one

and two) and negligence (count three). (Doc. # 1).

Among other allegations, Plaintiffs alleged that Clear Title issued an escrow letter promising to pay Skyline $750,000.00 on September 3, 2010, and issued an escrow letter promising to pay Deacon Smith $500,000.00 on September 3, 2010. Id. at ¶¶ 14-15. Clear Title failed to make the promised payments, causing damage to Plaintiffs. Id. at ¶¶ 17, 21, 23.

Plaintiffs effected service of process on Clear Title on March 14, 2012. (Doc. # 5). Clear Title failed to file a responsive pleading, and on June 14, 2012, Plaintiffs filed a motion for Clerk's default. (Doc. # 15). The Clerk entered a default as to Clear Title pursuant to Rule 55(a), Fed. R. Civ. P., on June 25, 2012. (Doc. # 16).

On July 13, 2012, based upon the Clerk's entry of default, the well-pleaded factual allegations contained in the Complaint, and the declaration of John J.E. Markham, II, Esq. regarding amounts due, the Court granted default judgment in favor of Plaintiffs. (Doc. # 18). Specifically, the Court determined: "Plaintiff Patey is entitled to a default judgment against Defendant for $500,000.00 plus interest at the rate of 4.75 percent from September 3, 2010. Plaintiff Skyline II, Inc. is entitled to a default judgment against Defendant for

$750,000.00 plus interest at the rate of 4.75 percent from September 3, 2010." Id.  The Clerk entered a Final Default Judgment against Clear Title, reflecting the foregoing, on July 16, 2012. (Doc. # 19).

At this juncture, Plaintiffs seek an Order joining Max Specialty Insurance Company, Inc. as a liability insurance party defendant to the June 16, 2012, Final Judgment, as "Max Specialty is Clear Title's liability insurer." (Doc. # 20 at 7).  As explained in the Motion, "unbeknownst to Patey, Skyline or their counsel, on April 5, 2012, Max Speciality brought a separate declaratory relief action in the Middle District of Florida, Max Speciality Insurance Company v. A Clear Title and Escrow Exchange LLC, Case No. 8:12-cv-727-RAL-MAP . . . naming  several parties who had claims against Clear Title similar to those of Patey and Skyline." Id. at 2. Plaintiffs explain that when they tried to intervene in the Max Specialty declaratory relief action, the presiding District Judge, Richard A. Lazzara, denied the motion and directed Plaintiffs to seek joinder of Max Specialty in the present action pursuant to Florida Statute Section 627.4136. (Case No. 8:12-cv-727-RAL-MAP; Doc. # 57).  Judge Lazzara specifically indicated:

> [T]his Court finds that the nonjoinder statute

> [Fla. Stat. § 627.4136] prohibits intervention in this lawsuit by Patey and Skyline. Patey and Skyline may seek relief under the auspices of section 627.4136 in the case in which they obtained default final judgments against Clear Title. Whether such relief is available based on timeliness and coverage is for the district judge assigned to that case to resolve. See <u>C.A. Seguros Catatumbo v. Herrera</u>, 812 So. 2d 576 (Fla. Dist. Ct. App. 2002)(timeliness); <u>State Nat'l Ins. Co. v. Robert</u>[], 71 So. 3d 238 (Fla. Dist. Ct. App. 2011) (coverage).

(Case No. 8:12-cv-727-RAL-MAP; Doc. # 57 at 2-3).

## II. **Application of Florida Statute Section 627.4136**

As determined in <u>Allstate Ins. Co. v. Stanley</u>, 282 F. Supp. 2d 1342, 1343 (M.D. Fla. 2003), Florida Statute Section 627.4136 is substantive, rather than procedural, and this Court, sitting in diversity, must apply such statute in the same manner as the Florida Supreme Court would apply it. <u>Brown v. Nicholas</u>, 8 F.3d 770, 773 (11th Cir. 1993).

As noted by Judge Lazzara, Florida Statute Section 627.4136 contains a time limitation for joining a liability insurer such as Max Specialty. Subsection 627.4136(4) states:

> (4) **At the time a judgment is entered** or a settlement is reached during the pendency of litigation, a liability insurer may be joined as a party defendant for the purposes of entering final judgment or enforcing the settlement by the motion of any party, unless the insurer denied coverage under the provisions of s. 627.426(2) or defended under a reservation of rights pursuant to s. 627.426(2). A copy of the motion to join the insurer shall be served on the insurer by certified

4

mail. . . .

Fla. Stat. § 627.4136(4) (emphasis added).

The court in C.A. Seguros Catatumbo provides a straightforward discussion of when a motion, such as the present motion to join Max Speciality, can be entertained:

> Under the terms of the statute, the motion to add the insurer must be made **prior to, or at the time of, entry of judgment against the . . . defendant**. Such a motion could also be entertained if made within the time for a motion for rehearing under Florida Rule of Civil Procedure 1.530. After those times expire, the trial court loses jurisdiction. The statute by its terms does not authorize the reopening of a judgment which has already become final, and we find no provision of Florida Rule of Civil Procedure 1.540 which would apply in this context.

812 So. 2d at 577-78 (emphasis added).

Plaintiffs' Motion to join Max Specialty, filed nearly six months after the entry of this Court's Final Default Judgment, does not mention the C.A. Seguros Catatumbo case. In addition, Plaintiffs provide no adequate explanation for their failure to move to include Max Speciality either before or at the time of the Court's entry of judgment against Clear Title. Accordingly, the Motion is denied as untimely filed.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion to Join Max Specialty Insurance

5

Company, Inc. as a Liability Insurance Party Defendant Pursuant to Florida Statutes Section 627.4136(4) (Doc. # 20) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>31st</u> day of January 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Parties and Counsel of Record