```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

MICHAEL  PATEY  and  SKYLINE  II,
INC.,

            Plaintiffs,
v.                                   Case No. 8:12-cv-212-T-33TBM

A CLEAR TITLE AND ESCROW
EXCHANGE, LLC,

            Defendant.
_____/
```

## ORDER

This cause comes before the Court pursuant to Plaintiffs' February 27, 2013, Motion for Reconsideration of Order Denying Motion to Join Max Specialty Insurance Company, Inc. (Doc. # 24). The time for filing responsive submissions has expired, and no party has objected to the relief sought in the Motion. Nevertheless, the Court denies the Motion for Reconsideration as outlined below.

## I. Legal Standard

Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration. Ludwig v. Liberty Mutual Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005). The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60. Id. A Rule 59(e) motion must be filed within 28 days after the entry of the

Case 8:12-cv-00212-VMC-TBM   Document 25   Filed 03/19/13   Page 2 of 10 PageID 130

judgment. Motions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b). Here, the Motion for Reconsideration was filed within 28 days of the Court's Order denying joinder of Max Specialty; however, Plaintiffs bring the Motion for Reconsideration under Rule 60(b). In the interests of fairness, the Court will evaluate Plaintiffs' Motion under both Rule 59(e) and Rule 60(b), Fed.R.Civ.P.

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id. A motion for reconsideration, therefore, should not be used to "relitigate old matters." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009).

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be

employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. Likewise, Rule 60(b), Fed.R.Civ.P., is available to relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . misrepresentation, or misconduct by the opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied . . .; or
> (6) any other reason that justifies relief.

Rule 60(b), Fed.R.Civ.P.

Whether asserted under either Rule 59 or 60, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Ludwig, 2005 U.S. Dist. LEXIS 37718, at *11 (internal citation omitted).

**II.   Background**

   **A.   Complaint to Default Judgment**

On February 1, 2012, Plaintiffs Michael Patey, as assignee of Deacon Smith Development, Inc., and Skyline II, Inc. filed a three-count Complaint against A Clear Title and Escrow Exchange, LLC, alleging breach of contract (counts one and two) and negligence (count three). (Doc. # 1).

Among other allegations, Plaintiffs alleged that Clear Title issued an escrow letter promising to pay Skyline $750,000.00 on September 3, 2010, and issued an escrow letter promising to pay Deacon Smith $500,000.00 on September 3, 2010. Id. at ¶¶ 14-15.  Clear Title failed to make the promised payments, causing damage to Plaintiffs. Id. at ¶¶ 17, 21, 23.

Plaintiffs effected service of process on Clear Title on March 14, 2012. (Doc. # 5).  Clear Title failed to file a responsive pleading, and on June 14, 2012, Plaintiffs filed a motion for Clerk's default. (Doc. # 15).  The Clerk entered a default as to Clear Title pursuant to Rule 55(a), Fed. R. Civ. P., on June 25, 2012. (Doc. # 16).

On July 13, 2012, based upon the Clerk's entry of default, the well-pleaded factual allegations contained in the Complaint, and the declaration of John J.E. Markham, II, Esq.

regarding amounts due, the Court granted default judgment in favor of Plaintiffs. (Doc. # 18). Specifically, the Court determined: "Plaintiff Patey is entitled to a default judgment against Defendant for $500,000.00 plus interest at the rate of 4.75 percent from September 3, 2010. Plaintiff Skyline II, Inc. is entitled to a default judgment against Defendant for $750,000.00 plus interest at the rate of 4.75 percent from September 3, 2010." Id.  The Clerk entered a Final Default Judgment against Clear Title, reflecting the foregoing, on July 16, 2012. (Doc. # 19).

**B.    Motion to Join Max Specialty**

On January 11, 2013, Plaintiffs filed a Motion for Joinder of Max Specialty Insurance Company as a Liability Insurance Party Defendant Pursuant to Florida Statute § 627.4136(4). (Doc. # 20). Plaintiffs explained therein that "unbeknownst to Patey, Skyline or their counsel, on April 5, 2012, Max Specialty brought a separate declaratory relief action in the Middle District of Florida, Max Specialty Insurance Company v. A Clear Title and Escrow Exchange LLC, Case No. 8:12-cv-727-RAL-MAP . . . naming several parties who had claims against Clear Title similar to those of Patey and Skyline." Id. at 2. Plaintiffs tried to intervene in the Max Specialty declaratory relief action, but the presiding

District Judge, Richard A. Lazzara, denied the motion and directed Plaintiffs to seek joinder of Max Specialty in the present action pursuant to Florida Statute Section 627.4136. (Case No. 8:12-cv-727-RAL-MAP; Doc. # 57). Judge Lazzara specifically indicated:

> [T]his Court finds that the nonjoinder statute [Fla. Stat. § 627.4136] prohibits intervention in this lawsuit by Patey and Skyline. Patey and Skyline may seek relief under the auspices of section 627.4136 in the case in which they obtained default final judgments against Clear Title. Whether such relief is available based on timeliness and coverage is for the district judge assigned to that case to resolve. See C.A. Seguros Catatumbo v. Herrera, 812 So. 2d 576 (Fla. Dist. Ct. App. 2002)(timeliness); State Nat'l Ins. Co. v. Robert[], 71 So. 3d 238 (Fla. Dist. Ct. App. 2011) (coverage).

(Case No. 8:12-cv-727-RAL-MAP; Doc. # 57 at 2-3).

### C. Order Denying Joinder

On January 31, 2013, this Court entered an Order denying Plaintiffs' request to join as a Liability Insurance Party Defendant Max Specialty pursuant to Florida Statute § 627.4136(4). (Doc. # 23). That Order, relying on Allstate Ins. Co. v. Stanley, 282 F. Supp. 2d 1342, 1343 (M.D. Fla. 2003), determined that Florida Statute Section 627.4136 is substantive, rather than procedural. This Court explained that it was required to apply the substantive statute in the

same manner as the Florida Supreme Court would apply it. <u>Brown v. Nicholas</u>, 8 F.3d 770, 773 (11th Cir. 1993).

The Court further explained that Florida Statute Section 627.4136 contains a time limitation for joining a liability insurer such as Max Specialty. Subsection 627.4136(4) states:

> (4) **At the time a judgment is entered** or a settlement is reached during the pendency of litigation, a liability insurer may be joined as a party defendant for the purposes of entering final judgment or enforcing the settlement by the motion of any party, unless the insurer denied coverage under the provisions of s. 627.426(2) or defended under a reservation of rights pursuant to s. 627.426(2). A copy of the motion to join the insurer shall be served on the insurer by certified mail. . . .

Fla. Stat. § 627.4136(4) (emphasis added). The court in <u>C.A. Seguros Catatumbo v. Herrera</u>, 812 So. 2d 576 (Fla. Dist. Ct. App. 2002), provides a straightforward discussion of when a motion join a liability insurer can be entertained:

> Under the terms of the statute, the motion to add the insurer must be made **prior to, or at the time of, entry of judgment against the . . . defendant**. Such a motion could also be entertained if made within the time for a motion for rehearing under Florida Rule of Civil Procedure 1.530. After those times expire, the trial court loses jurisdiction. The statute by its terms does not authorize the reopening of a judgment which has already become final, and we find no provision of Florida Rule of Civil Procedure 1.540 which would apply in this context.

<u>Id.</u> at 577-78 (emphasis added).

As the Motion to Join Max Specialty was filed six months after the relevant judgment was entered, this Court ruled that the Motion to Join was untimely filed and the Court denied the Motion.

### III. **Motion for Reconsideration**

Plaintiffs assert that § 627.4136(4) is merely procedural, that the Court should have disregard the statute's timing requirements in ruling on the Motion to Join Max Specialty, and that the Court should have analyzed the Motion to Join Max Specialty under Rule 21 of the Federal Rules of Civil Procedure.[1]

In ruling on the Motion to Join Max Specialty, the Court considered and rejected Plaintiffs' argument that the controlling statute is procedural, rather than substantive. The present Motion for Reconsideration is a blatant attempt to relitigate issues already decided by the Court. Plaintiffs do not assert that there has been an intervening change in the law and present no new evidence. Notably, after this Court entered its Order, another district court evaluating Florida Statute § 627.4136 determined that it was substantive, rather

---

[1] Rule 21 of the Federal Rules of Civil Procedure States: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

than procedural. See <u>Villas at Meadow Lakes Condominium v. United States Liability Ins. Co.</u>, No. 12-61469, 2013 U.S. Dist. LEXIS 13916, at *9, n.2 (S.D. Fla. Feb. 1, 2013).

In addition, Plaintiffs' assertion that the Court's Order leads to an unintended consequence, the filing of a separate lawsuit against Max Specialty, does not rise to the level of manifest injustice necessary to warrant reconsideration. Furthermore, the factors enumerated in Rule 60, Fed.R.Civ.P., do not warrant reconsideration.

As the relevant judgment was entered eight months ago and the case is long closed, the Court notes that joinder of Max Specialty would be inappropriate whether analyzed under Florida Statute § 627.4136 or Rule 21 of the Federal Rules of Civil Procedure. Under either authority, the Court would not be inclined to disturb the final judgment. Thus, the Court denies the Motion for Reconsideration.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion for Reconsideration of Order Denying Motion to Join Max Specialty Insurance Company, Inc. (Doc. # 24) is **DENIED**.

**DONE** and **ORDERED** in chambers in Tampa, Florida, this <u>19th</u> day of March, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record